IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| YMIR-JULE von KOENIGSBERG-TYRVALDSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAN KOHUT, LEROY KIRKEGARD, BILLY REICH, CARLA STRUTZL, and JOHN/JANE DOES,<br><br>Defendants. | CV 15-00025-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Ymir-Jule von Koenigsberg-Tyrvaldssen's Motion to Dismiss Defendants Billy Reich and Carla Strutzl (Doc. 39 at ¶ 2); Motion to add as defendants Cathy Redfern, Cindy Hiner and Abbott (Doc. 39 at ¶ 2), Motion to Hold Case in Abeyance until he has been released (Doc. 39 at ¶ 3) and Motion for Temporary Restraining Order (Doc. 44). The motions were all filed after the July 1, 2016 motions deadline (Amd. Sch. Ord., Doc. 28 at 2) and therefore are untimely. Nevertheless, having considered these motions, the Court will deny the motion to add defendants and deny the motion to hold the case in abeyance. The Court recommends that the motion to dismiss Reich and Strutzl be granted and the

1

motion for temporary restraining order be denied.

**I. Motion to Dismiss Reich and Strutzl**

Mr. von Koenigberg-Tyrvaldssen's Motion to Dismiss Defendants Reich and Strutzl (Doc. 39) is construed as a motion for voluntary dismissal pursuant to Rule 41(A)(2). As Defendants have no objection to the motion, the Court recommends that the motion be granted and that Defendants Reich and Strutzl be dismissed without prejudice.

**II. Motion to Add/Substitute Defendants**

Mr. von Koenigsberg-Tyrvaldssen's Motion to add defendants will be denied. Pursuant to the Court's October 1, 2015 Scheduling Order (Doc. 17.) all amendments to the pleadings were to be served on or before January 4, 2016. Mr. von Koenigsberg-Tyrvaldssen has not shown "good cause" for failing to comply with this deadline. *See* Fed.R.Civ.P. 16(b)(4).

In addition, the motions deadline in this case was July 1, 2016. (Amd. Sch. Ord., Doc. 28.) Mr. von Koenigsberg-Tyrvaldssen has not shown any reason why he failed to comply with either of these deadlines. The Court will not reopen discovery and essentially allow Mr. von Koenigsberg-Tyrvaldssen to relitigate this case against different defendants at this late stage in the proceedings. The motion will be denied.

### III. Motion to Hold Matter in Abeyance

The Court will not hold this matter in abeyance until such time as Mr. von Koenigsberg-Tyrvaldssen is released from custody. This matter has been pending since March 23, 2015, and Mr. von Koenigsberg-Tyrvaldssen has had sufficient opportunity to present his claims and gather his evidence in support of those claims. The motion will be denied.

### IV. Motion for Temporary Restraining Order

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*,

3

555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations, internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. von Koenigsberg-Tyrvaldssen moves for a temporary restraining order to prevent what he alleges is an escalating degree of harassment and retaliatory actions on the part of staff at Montana State Prison. (Doc. 44.) He argues he has been subjected to increased shakedowns and damage/disarray to his legal work and

4

his typewriter was removed from his possession on August 15 without notice or explanation. He also contends that the librarian refuses to provide him copies or typewriter ribbon, has removed books from the library, and has refused to order books needed by Mr. von Koenigsberg-Tyrvaldssen.

The motion for injunctive relief fails for several reasons. First, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The only remaining defendants are Dr. Kohut and Warden Kirkegard. Mr. von Koenigsberg-Tyrvaldssen has not connected any of the actions alleged in his motion to these defendants.

Secondly, Mr. von Koenigsberg-Tyrvaldssen has failed to meet his burden that he is likely to succeed on the merits. In fact, there is a pending motion for summary judgment challenging the merits of his claims. He has also failed to demonstrate irreparable harm. Finally, the relief sought in the motion is unrelated to the issues in his lawsuit. Mr. von Koenigsberg-Tyrvaldssen's Complaint raises

medical care issues. It does not raise the issues complained about in his current motion. The Court therefore lacks authority to issue an injunction for such relief. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The Ninth Circuit has explained:

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology*, 810 F.3d at 636.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. von Koenigsberg-Tyrvaldssen's Motion to add as defendants Cathy Redfern, Cindy Hiner and Abbott (Doc. 39 at ¶ 2) is DENIED.

2. Mr. von Koenigsberg-Tyrvaldssen's Motion to Hold Case in Abeyance until he has been released (Doc. 39 at ¶ 3) is DENIED.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Mr. von Koenigsberg-Tyrvaldssen's Motion to Dismiss Defendants Billy

Reich and Carla Strutzl (Doc. 39 at ¶ 2) should be GRANTED and these defendants DISMISSED WITHOUT PREJUDICE.

2. Mr. von Koenigsberg-Tyrvaldssen's Motion for Temporary Restraining Order (Doc. 44) should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of November 2016.

/s/ John Johnston
John Johnston
United States Magistrate

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.