IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| YMIR-JULE von KOENIGSBERG-TYRVALDSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAN KOHUT, LEROY KIRKEGARD, BILLY REICH, CARLA STRUTZL, and JOHN/JANE DOES,<br><br>Defendants. | CV 15–25–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on November 7, 2016, recommending that Plaintiff Ymir-Jule von Koenigsberg-Tyrvaldssen's motion to dismiss Defendants Billy Reich and Carla Strutzl be granted and Plaintiff's motion for a temporary restraining order be denied. Plaintiff timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar with the facts of this case and they will not be repeated here.

Turning to the objections, Plaintiff states that he objects "IN TOTO" to the Findings and Recommendations. However, under the Magistrates Act, Plaintiff is required to identify the "specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.3(a)(2) ("An objection filed pursuant to 28 U.S.C. § 636(b)(1) must itemize . . . each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation."). Because Plaintiff fails to specify and itemize his objections, the Findings and Recommendations will be reviewed for clear error.[1]

Upon review of the Findings and Recommendations, the Court agrees with Judge Johnston that Plaintiff's motion to dismiss Defendants Reich and Strutzl

---

[1] It could be argued that Plaintiff's objections specifically objected to Judge Johnston's Order denying him leave to add additional defendants. (*See* Doc. 48 at 1 (stating that "Plaintiff herewith enters this objection IN TOTO to the Order and Recommendation entered in this case with particular note in respect to not allowing the substitution of true legal names for the ["]John/Jane Does" listed.").) However, the denial of a motion to amend the pleadings is a nondispositive order under the Magistrates Act. *See* 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court reviews the Order denying leave to amend the pleadings for clear error and finds none. The Court agrees with Judge Johnston that Plaintiff's motion is untimely and should be denied.

should be granted and his motion for a temporary restraining order should be denied. First, Plaintiff requested that Defendants Reich and Strutzl be dismissed and this request was not opposed by Defendants. Second, the motion for a temporary restraining order should be denied because Plaintiff fails to show a likelihood of success on the merits. Additionally, the motion impermissibly raises claims that were not brought forth in the underlying Complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding "that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"). Plaintiff's objections are overruled.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 47) are ADOPTED IN FULL.

(2) Plaintiff's Motion to Dismiss Defendants Billy Reich and Carla Strutzl (Doc. 39 at ¶ 2) is GRANTED and these defendants are DISMISSED WITHOUT PREJUDICE.

(3) Plaintiff's Motion for Temporary Restraining Order (Doc. 44) is

DENIED.

DATED this 19th day of December, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court