IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED

MAR 1 3 2017

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| YMIR-JULE von KOENIGSBERG-TYRVALDSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAN KOHUT and LEROY KIRKEGARD,<br><br>Defendants. | CV 15–25–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Findings and

Recommendations in this matter on January 20, 2017, recommending granting

Defendants' Motion for Summary Judgment. Plaintiff Ymir-Jule von

Koenigsberg-Tyrvaldssen[1] filed objections and is therefore entitled to de novo

review of those findings and recommendations to which he specifically objects.

28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and

recommendations to which no party objects. *See McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v.*

---

[1] Judge Johnston notes that Plaintiff is incarcerated in the Montana State Prison under the name "Arthur Rochelle." (Doc. 50.) Despite this, Plaintiff insists his birth name is Ymir-Jule von Koenigsberg-Tyrvaldssen.

-1-

*Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Upon de novo review of the objections, the Court finds that Plaintiff has lodged at least 5 objections to the Findings and Recommendations. The first four of these objections take issue with several factual findings in the Findings and Recommendations and argue that Judge Johnston: (1) failed to note that Plaintiff's medical records use "[h]is actual-name [sic] from birth onwards"; (2) erred by finding that Plaintiff refused laboratory work; (3) erred by finding that Plaintiff refused the use of "Depends"; and (4) erred by finding that the prison should be credited with his "[t]ransport for evaluation."

Nevertheless, these objections fail to undercut Judge Johnston's primary finding that Plaintiff has consistently refused to allow Dr. Kohut to treat or examine him. Even in his objections, Plaintiff acknowledges that he refused medical treatment by Dr. Kohut. (Doc. 51 (stating that he "refuse[d] to be abused by Tristan Kohut").) Thus, because it is undisputed that Plaintiff refused medical treatment, the Court agrees with Judge Johnston that Plaintiff has failed to raise a viable claim of deliberate indifference under the Eight Amendment. Plaintiff's first four objections are overruled.

Lastly, Plaintiff's fifth objection argues that Judge Johnston erred by disregarding an early request to "withdraw" this suit. Plaintiff claims that he previously indicated to Judge Johnston that he wanted to dismiss the suit until he was released from prison so he could retain professional counsel to argue his claims. The Court has reviewed the record and can find no evidence of a motion or a request by Plaintiff to dismiss this suit.[2] Nevertheless, the Court recognizes that Plaintiff did previously move to hold this case in abeyance until he was released from prison. (Doc. 39) However, Plaintiff's request was denied by Judge Johnston on November 7, 2016. (Doc. 47.) As such, any objection to this ruling at this point in the litigation would exceed the time allowed to raise objections to nondispositive orders under the Magistrates Act. 28 U.S.C. § 636(b)(1)(C) (allowing fourteen days to file objections to proposed findings and recommendations). The Court thus finds that Plaintiff's objection is untimely and overrules it as such.

Accordingly, the Court reviews the remainder Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

---

[2] The Court notes that Plaintiff did previously move to dismiss Defendants Reich and Strutzl from this suit. (Doc. 39) The Court adopted Judge Johnston's recommendation to grant this motion and dismissed these Defendants on December 19, 2016. (Doc. 49.)

(1) Judge Johnston's Findings and Recommendations (Doc. 50) are ADOPTED IN FULL.

(2) Defendants' Motion for Summary Judgment (Doc. 29) is GRANTED.

(3) The Clerk of Court is directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

(4) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 13th day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court